FILED
U.S. DISTRICT COURT
DISTRICT OF COLORADO
26 SEP 28 AM 9: 12

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________________
(To be supplied by the court)

WILLIAM S. VEAZEY, DMD, Plaintiff

v.

**Jury Trial requested:**
**(please check one)**
X **Yes** ___ **No**

NAPHCARE, INC., an Alabama corporation,

RHONDA GOODWIN, in her individual and official capacities,

PHYSICIAN ASSISTANT "TJ", in his individual capacity,

See Attachment for full list of Defendants, Defendant(s).

(*List each named defendant on a separate line. If you cannot fit the names of all defendants in the space provided, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names of the defendants listed in the above caption must be identical to those contained in Section B. Do not include addresses here.*)

---

## COMPLAINT

---

**NOTICE**

Federal Rule of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should not contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include only: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

**Plaintiff need not send exhibits, affidavits, grievances, witness statements, or any other materials to the Clerk's Office with this complaint.**

## A. PLAINTIFF INFORMATION

*You must notify the court of any changes to your address where case-related papers may be served by filing a notice of change of address. Failure to keep a current address on file with the court may result in dismissal of your case.*

William S. Veazey, DMD 3246 Centennial Blvd. #184 Colorado Springs, CO 80907

(Name and complete mailing address)

719-314-9391 | billveazey@gmail.com

(Telephone number and e-mail address)

## B. DEFENDANT(S) INFORMATION

*Please list the following information for each defendant listed in the caption of the complaint. If more space is needed, use extra paper to provide the information requested. The additional pages regarding defendants should be labeled "B. DEFENDANT(S) INFORMATION."*

Defendant 1: NaphCare, Inc. 2090 Columbiana Road, Suite 4000, Birmingham, AL 35216

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 2: Rhonda Goodwin (Health Services Administrator, NaphCare) 808 Medal of Honor Blvd, Pueblo, CO 81001

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 3: Physician Assistant "TJ" (NaphCare) 808 Medal of Honor Blvd, Pueblo, CO 81001

(Name and complete mailing address)

(Telephone number and e-mail address if known)

Defendant 4: Captain Jeremy Bacor (Judicial & Intake Division Captain, PCSO) | 3830 Medal of Honor Blvd, Pueblo, CO 81008

(Name and complete mailing address)

(Telephone number and e-mail address if known)

## C. JURISDICTION

*Identify the statutory authority that allows the court to consider your claim(s): (check one)*

_X_ Federal question pursuant to 28 U.S.C. § 1331 (claims arising under the Constitution, laws, or treaties of the United States)

List the specific federal statute, treaty, and/or provision(s) of the United States Constitution that are at issue in this case.

42 U.S.C. § 1983 (Civil action for deprivation of rights) First Amendment to the United States Constitution (Right to Petition the Government)

Fourteenth Amendment to the United States Constitution (Equal Protection/Due Process)

____ Diversity of citizenship pursuant to 28 U.S.C. § 1332 (a matter between individual or corporate citizens of different states and the amount in controversy exceeds $75,000)

Plaintiff is a citizen of the State of ____________________________.

If Defendant 1 is an individual, Defendant 1 is a citizen of __________________________.

If Defendant 1 is a corporation,

Defendant 1 is incorporated under the laws of _________________________ (name of state or foreign nation).

Defendant 1 has its principal place of business in _______________________ (name of state or foreign nation).

(*If more than one defendant is named in the complaint, attach an additional page providing the same information for each additional defendant.*)

## D. STATEMENT OF CLAIM(S)

*State clearly and concisely every claim that you are asserting in this action. For each claim, specify the right that allegedly has been violated and state all facts that support your claim, including the date(s) on which the incident(s) occurred, the name(s) of the specific person(s) involved in each claim, and the specific facts that show how each person was involved in each claim. You do not need to cite specific legal cases to support your claim(s). If additional space is needed to describe any claim or to assert additional claims, use extra paper to continue that claim or to assert the additional claim(s). Please indicate that additional paper is attached and label the additional pages regarding the statement of claims as "D. STATEMENT OF CLAIMS."*

CLAIM ONE: (See Attachment for full Statement of Claims)

Supporting facts:

## E. REQUEST FOR RELIEF

*State the relief you are requesting or what you want the court to do. If additional space is needed to identify the relief you are requesting, use extra paper to request relief. Please indicate that additional paper is attached and label the additional pages regarding relief as "E. REQUEST FOR RELIEF."*

## F. PLAINTIFF'S SIGNATURE

I declare under penalty of perjury that I am the plaintiff in this action, that I have read this complaint, and that the information in this complaint is true and correct. *See* 28 U.S.C. § 1746; 18 U.S.C. § 1621.

Under Federal Rule of Civil Procedure 11, by signing below, I also certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending or modifying existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

________________________________
(Plaintiff's signature)

9-28-26
________________________________
(Date)

**ATTACHMENT TO GENERAL COMPLAINT William S. Veazey, DMD v. NaphCare, Inc., et al.**

**I. CONTINUATION OF SECTION B. DEFENDANT(S) INFORMATION Defendant 5:** Pueblo County Sheriff's Office 3830 Medal of Honor Blvd, Pueblo, CO 81008

**II. CONTINUATION OF SECTION D. STATEMENT OF CLAIM(S)**

**FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS**

**1.** Plaintiff Dr. William S. Veazey is a licensed dentist who was contracted to provide clinical care for Defendant NaphCare, Inc. at the Pueblo County Detention Center (PCDC).

**2.** On the morning of Friday, September 18, 2026, Plaintiff engaged in protected occupational safety activity by moving a high-draw clinical autoclave away from a visibly burned and overloaded electrical receptacle strip to mitigate an imminent life-safety fire hazard.

**3.** Shortly thereafter, Defendant Physician Assistant "TJ" instigated a dispute regarding facility keys. When Plaintiff attempted to verbally de-escalate, Defendant TJ aggressively violated Plaintiff's personal space, committed an unprovoked physical battery, and unlawfully restrained Plaintiff by repeatedly striking Plaintiff's arms and shoulders to prevent lawful egress. The battery occurred on facility premises, during working hours, and arose directly out of a dispute regarding facility operations, placing it squarely within the scope of employment.

**4.** Defendant Rhonda Goodwin (NaphCare Health Services Administrator) subsequently entered the clinic. Rather than investigate the workplace violence, Defendant Goodwin actively suppressed the battery report and subjected Plaintiff to severe hostility. Because Defendant TJ is the sole Physician Assistant staffed by NaphCare at PCDC, his termination or arrest would trigger a severe medical staffing shortage and an immediate breach of NaphCare's municipal contract. Goodwin explicitly retaliated against Plaintiff for moving the autoclave and reporting the battery, admitting she opposed the mitigation of the fire hazard solely because she was attempting to visually stage the clinic for the September 22-23 NCCHC/ACA accreditation survey.

**5.** Defendant Goodwin's ratification of workplace violence, combined with her prioritization of facility optics and corporate contract compliance over life-safety hazards, created an ultra-hazardous, hostile work environment that resulted in Plaintiff's constructive discharge on September 18, 2026.

**6.** On September 21, 2026, Defendant NaphCare's Human Resources department transmitted a separation letter falsely categorizing Plaintiff's departure as a "voluntary resignation." This administrative categorization was a deliberate attempt to shield the corporation from liability, masking the reality that Plaintiff was constructively discharged due to unmitigated workplace violence and retaliatory hostility.

**7.** Later on September 21, 2026, Plaintiff entered the Pueblo County Sheriff's Office to report the criminal battery. Defendant Captain Jeremy Bacor, acting under color of state law as the Judicial & Intake Division Captain overseeing the detention center, intercepted Plaintiff in the lobby.

**8.** Operating in a symbiotic relationship with Defendant NaphCare, and motivated by a vested departmental interest to shield the County from the financial and administrative fallout of a failed NCCHC/ACA audit and a critical medical vendor default, Defendant Bacor refused Plaintiff's requests to view the surveillance video. Knowing that the arrest of NaphCare's only PA would plunge the detention center into a healthcare staffing crisis, Bacor falsely told Plaintiff "there was nothing there," and explicitly threatened Plaintiff with retaliatory criminal charges of "false reporting." Plaintiff contemporaneously captured Defendant Bacor's refusal, misrepresentations, and intimidation under color of law on an uninterrupted audio recording.

**9.** Plaintiff persevered for over two hours until PCSO Deputy Martinez (Radio #D98) arrived. Deputy Martinez formally reviewed the surveillance video blind, verified that the video objectively showed Defendant TJ physically striking Plaintiff, and generated an official criminal investigation (PCSO Case #26S 269096). Plaintiff additionally possesses an audio recording of Deputy Martinez verifying the physical battery on the video, entirely exposing Defendant Bacor's attempted deprivation of rights.

**CLAIM ONE: 42 U.S.C. § 1983 - Deprivation of Civil Rights Under Color of Law** *(Against Defendants Captain Jeremy Bacor and Pueblo County Sheriff's Office)*

**10.** Defendant Bacor, acting under color of state law, utilized his rank, uniform, and official authority to willfully and maliciously intimidate Plaintiff, threaten retaliatory criminal charges, and lie about evidentiary video footage.

**11.** Bacor's actions were designed to chill, deter, and suppress Plaintiff's clearly established First Amendment right to petition the government for a redress of grievances, thereby piercing any claim of qualified immunity.

**12.** Defendant Pueblo County Sheriff's Office failed to properly train or supervise its command staff, establishing a custom, policy, and practice of suppressing legitimate criminal complaints against municipal medical vendors to protect facility contracts and accreditation optics, directly causing Plaintiff's deprivation of rights.

**CLAIM TWO: Common Law Battery and False Imprisonment** *(Against Defendants PA "TJ" and NaphCare, Inc.)*

**13.** Defendant TJ intentionally, repeatedly, and offensively applied non-consensual physical force to Plaintiff's body, causing physical contusion and apprehension.

**14.** Defendant TJ intentionally cornered Plaintiff and used physical strikes to restrict Plaintiff's freedom of movement, constituting false imprisonment.

**15.** Defendant NaphCare is vicariously liable under the doctrine of *respondeat superior*, and directly liable for negligent retention and ratification, as NaphCare administration actively dismissed the violence and permitted the assailant to remain in a position of clinical authority.

**CLAIM THREE: Wrongful Constructive Discharge in Violation of Public Policy** *(Against Defendants NaphCare, Inc. and Rhonda Goodwin)*

**16.** Plaintiff engaged in protected activity by mitigating a severe electrical fire hazard to ensure occupational and patient safety.

**17.** In direct retaliation for this protected activity, and operating with a shared objective to protect the visual staging of the clinic for an accreditation audit, Defendant Goodwin subjected Plaintiff to extreme hostility and ratified a physical assault against Plaintiff, creating intolerable working conditions that forced Plaintiff's departure.

**III. CONTINUATION OF SECTION E. REQUEST FOR RELIEF**

Plaintiff respectfully requests that this Court enter judgment in his favor and against all Defendants, jointly and severally, granting the following relief:

**1.** Compensatory damages for physical injury, emotional distress, and professional humiliation;

**2.** Economic damages including back pay and front pay resulting from the retaliatory constructive discharge;

**3.** Exemplary (punitive) damages against Defendants TJ, Goodwin, and NaphCare pursuant to C.R.S. § 13-21-102 for willful and wanton misconduct;

**4.** Punitive damages against Defendant Bacor under 42 U.S.C. § 1983 for malicious deprivation of constitutional rights;

**5.** Pre-judgment and post-judgment interest, reasonable attorney's fees, and costs of this action pursuant to 42 U.S.C. § 1988; and

**6.** Any further relief this Court deems just and proper.